October 13th, 1903.

———o———

No. 3256.

(Court of Appeal, Parish of Orleans.)

MERTON J. ABINGTON, Appellee, vs. RED · RIVER LINE, Appellant.

Question of facts only are involved in this case.

Appeal from the Civil District Court, Division C.

W. S. Benedict, for Plaintiff and Appellee.

E. T. Florance, for Defendant and Appellant.

BEAUREGARD, J. This is a suit to recover of the defendant the sum of $178.56, the value of goods purchased by plaintiff of the Weiss Manufacturing Company, and shipped by the latter to the buyer on the steamboat Electra, to be delivered at Honey Bayou Landing (plaintiff's landing) on Red River.

Plaintiff asserts the non-delivery of these goods by the boat at his landing, and that he never received them. On the other hand, defendant asserts that they were carried to destination.

The evidence of record was principally for plaintiff, taken under commission of witnesses no longer in the employ of plaintiff and at the time of their examination residing in different parishes, this adds to the credibility of these witnesses.

Whilst that taken for the defendant was out of court, and the decree of the lower court, notwithstanding the negative evidence of

the plaintiff, as to the non-delivery of the goods, and the positive evidence of the defendant as to the fact of their delivery, was in plaintiff's favor to the amount of his claim; from which decree defendant appeals.

The question as to the negative evidence alluded to is not raised in the briefs, but was referred to in argument; it may, therefore, be well to state here the rule bearing on this subject as leading to the conclusion reached by this Court.

" Whoever asserts a right dependent for its existence upon a negative must establish the truth of the negative * * * * It is not a maxim of the law that a negative is incapable of proof. When the negative ceases to be a simple one, when it is qualified by time, place or circumstances, much of the objection is removed.

Anderson's Dict. of Law.   Verbo: Negative.

The time, place and circumstances surrounding the non-delivery of these goods are testified to with great particularity by the witnesses for plaintiff; but the delivery, with equal positiveness, by those for defendant.

It seems that plaintiff purchased these goods on August 1st. 1902, in the presence of a Mr. A. E. Kennedy, and left for Texas, after putting Mr. Kennedy in charge of his store, situated about three-fourths of a mile from his landing.

That at this landing he had a small warehouse for the receipt and storage of goods received by boat.

That his standing instructions to his store employees was to be on the watch for any up-river boat on which he expected freight. That the goods alluded to were particularly looked for by Mr. Kennedy, who, at various times and on various days, sent his sub-employees to see if any boat was passing.   That on the 6th or 7th of August the whistle of a boat, supposed to be the Electra, was heard, and two parties were at different hours of the same day sent to find out if any freight had been landed at the Honey Bayou Landing.   None was found.   This was in the day time.   At night, a farmer living some 300 yards from the landing, was charged with the receipt and storage of goods consigned to the plaintiff and with the care of locking the warehouse.   And he declares that no goods at or about the dates mentioned were delivered.   Mr. Kennedy, on learning that no goods had been received, immediately, telephoned to adjoining landings and was informed that none had been received to his (or employer's) address.

As opposed to this evidence is that of the defendant showing the trip book wherein was entered by the clerk the fact of delivery; that this delivery was effected on the 8th of August, after the greatest exertion, because it was necessary to carry the box of goods up hill, with the assistance of eight men and put it in the warehouse, at about

11

10 A. M., where there was no one to receive it, and in a warehouse to which there was no lock or key.

And it is suggested that some evil disposed person might have removed this box of goods during the absence of any of the plaintiff's employees. Unless by concerted action it is improbable that a box so heavy could have been removed in broad day light without attracting the attention of one living some 300 yards off from the landing.

Plaintiff, in giving his testimony, asserts that often goods expected by him by defendant's line were carried to some other landing and he could not obtain them until several days afterwards.

It is to be regretted that the witnesses for plaintiff were not subject to direct cross-examination; but that the record as it stands impresses the firm belief that the defense has not been satisfactorily made out. If no one was present to receive these goods, as was testified to, defendant, as a common carrier and a custodian of these goods, could have exercised some care in their delivery, either in the repeated blowing of the whistle of the boat, either in the endeavor to secure the presence of that witness of plaintiff who lived some 300 yards off from the landing.

The Court is constrained to find for plaintiff, and affirms the judgment appealed from. It is now so ordered.